UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
RAMON LOPEZ,
                Plaintiff,

      v.

GEORGE ZOUVELOS, VINY CONWELL,
and THE CITY OF NEW YORK,
                Defendants.
---------------------------------

AFFIRMATION IN OPPOSITION
TO DEFENDANT MOTION FOR
DISMISSAL PURSUANT TO RULE 12(b)6

13-CV-6474 (MKB)(JO)

     I, Ramon Lopez, **affirm under penalty of perjury** that:

1.    I, Ramon Lopez, am the plaintiff ("Lopez") in the above entitled action, and respectfully submit this affirmation in opposition to the motion dated **July 17, 2014** authored by George Zouvelos ("Defendant") asking this court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).

2.    Zouvelos asserts Rule 12(b)(6) which assumes everything stated in the complaint were true, but argues that those facts do not constitute a violation of any law. Here, Defendant in denial contradicts himself and aver's Mr.Lopez allegations are untrue. More so, Zouvelos refgers to evidence, documents or facts that were not contained in the complaint and deviates from the requirments of Rule 12. For those reasons, Zouvleos failure to use the proper ground seeking a dismissal of complaint, calls for a rejection of Defendant's motion in the interest of society and matter of law.

3.    Defendant acting in bad faith misleads this court with frivolous statements, presents altered documents, and objectively disclosed irrelevant prejudicial material, inorder to hinder Plaintiff's prima facie case. For such reasons, Mr.Lopez answers significant factors purported by defendant thats prolonged and redundant in his motion, which relates to the complaint and/or

(1)

Plaintiff's character. Additionally, Mr.Lopez brings to light the intentional misleading statements and altered documents, that demonstrates Zouvelos "Unworthiness" and "Uncreditable" motion. Such as:

a) Plaintiff opposes line 21 of Defendant's motion. Zouvelos Exhibit 'C' is irrelevant and prejudicial to the above-action, however, Plaintiff addresses this paragraph inorder to clarify Defendant's insignificant statement. For the record, Mr.Lopez judgment recently was granted a review in a CPL 440 Motion, due to unethical acts by the government (Due Process violation and Prosecutorial Overreaching). More so, the case is being investigated due to a "Conflict of Interest" that arose during trial between the assigned Honorable Judge and Plaintiff now ex-wife, Nassau County Assistant District Attorney, M.I.L.

b) Mr.Lopez opposes line 24. Zouvelos failes to take accountability for his malicious tactics used to objectively and unlawfully detain Plaintiff, in return for his financial interest in Plaintiff collateral, yet returned. Thus, Defendant Exhibit 'I' was printed for Mr.Lopez at County jail by a representative of the Grievance Committee on August 3, 2012. On the contrary, Exhibit 'J' does not show complete hyperlink to illustrate when Zouvelos printed this report.

c) Plaintiff opposes lines 35, 36 and 37. Defendant staff never "Thoroughly" explained the contract, nor provided an interpretor for those indemnitors that did not speak English proficiently or read effectively because of a language barrier, which results in a violation of the law

(2)

contracts. (See, Zouvelos Exh 'E' and 'F').

d) Plaintiff assents in part to line 45. Its disputable a warrant rendered and then vacated within an hours time span, due to special circumstances acknowledged by the Court, calls for a thorough review, especially after a Judge vacates in the interest of society.

e) Plaintiff assents to line 47.

f) Plaintiff opposes lines 48, 49, 50, 51 and 52. Although irrelevant to subject matter, Mr.Lopez answers inorder to illuminate Defendant's continuous deceitful statements and altered Exhibit 'G', in clear disregard for this Court. In reference to the bail contract disclosed, for bailee to be compliant to the stipulations, Plaintiff was required to sign-in **EACH TUESDAY OR THURSDAY PLUS AFTER EACH COURT APPEARANCE** to avoid being re-arrested by bondsmen. With this said, Mr. Lopez commenced the sign-in's on Dec 8, 2014. Upon review of Exh 'G' (Log Sheet), Defendant states Plaintiff did not sign-in for weeks Feb 2, Mar 27, May 17, and May 21, 2012. Also, he noted Mr.Lopez missed court sign-in on Feb 22, 2012. For the record, Plaintiff was not calendard for a court appearance on Feb 22, 2012 (See, Zouvelos Exh 'I' or 'J'), which clearly displays the unreliable information Defendant brings forth, he so heavily relies upon. Additionally with respects to the matter, there are about Seven weeks intervals between each supposedly missed sign-in that would raise a red flag. The question this Court should ask, why was Plaintiff not re-arrested immediately in Feb or Mar 2012, if he possessed such a risk. More so, its

(3)

difficult to conclude in this case, Zouvelos would give his designee out on One Hundred Thousand Dollar Bond, opportunities to be "Free." (See, Line #65 - 'Zouvelos concerns for bond).

Please take note, with respects to line number 50, Plaintiff **'ONLY'** address since birth and after his seperation from Nassau County Assistant District Attorney, M.I.L., is the Brooklyn address Zouvelos has on file ("223 Knickerbocker"). In fact, Plaintiff consistantly contacted Defendant's office weekly using his Verizon cell phone, and can procure a detailed Outgoing/Incoming itemized phone list if needed, to confirm the bondsmen false statements herein. Apparently, defendant fails to be truthful and forthright, intentionally misleading this Court ("Again") in lines number 51 and 52. On May 21, 2012 the Plaintiff went to Court and afterwards went to Zouvelos office sign the log book, however, Defendant's Exh 'G' is altered for his convenience, and does not reflect Mr.Lopez signature. Significantly, in line 52 Zouvelos states on May 21, 2012 the Court advised him a **Bench Warrant** was issued and that bailbond was **Forfeited**." Contrary to that, Plaintiff annexed Exhibit 'A' confirms Defendant's statement is untrue and Mr.Lopez was not remanded when appearing to Court Two days later (May 23, 2012). (See, Certified Court Minutes).

g) Plaintiff opposes lines 55, 56, 57, 58, 59, 60, 61 and 62. Zouvelos apparently uses defense mechanism, "Justification," to cover up his malicious actions when handling Plaintiff's

(4)

contract. Defendant refuses to take responsibilities and dwells on some type of immunity because he "**WAS**" a private agent until he became "**STATE ACTOR**" upon the assistance of the NYPD. Fact is, when a persons Constitutional Right is violated by "State Actor(s)," a <u>Section 1983</u> is the proper avenue for remedy as Mr.Lopez authored in his "Memorandum of Law" attached. Hence, the facts presented by plaintiff speaks for itself and supersedes Zouvelos meritless argument. With this said, its quit obvious Defendant runs a shady business and goes above and beyond in this action to paint Mr.Lopez as the person to breach the contract, when in fact Defendant was the breachor.

Here, in Defendant's motion line 58, Zouvelos cites, <u>Lee v. Thorpe</u>, which pertains to individuals that are binded by a contract, that mandates full execution of the contract. However, on the contrary, this insignificant case is superseded if a <u>Federal Law</u> is violated upon one of the parties, as in Mr.Lopez case. In addition, in line 59 Defendant uses <u>Dottore v. Huntington National Bank</u>, to justify his inmoral actions. Although parties had established a contractual relationship, Zouvelos is not granted by the laws of this great nation, the absolute right to do as he pleases with complete disregard for humanity and people's Constitutional Rights. His actions caused Mr.Lopez not to properly prepare for his case (Plaintiff took a plea deal never intended due to psychological coercion), lost his job as an Accountant, lost his

(5)

family, companionship, ruined his reputation and stole his collateral (Plaintiff is responsible for upon release from prison) , by using the law as a crutch. Thus, it would be unjust for Zouvelos motion to be granted a dismissal, when in fact a reasonable person would see the abuse in power Defendant has procured and the shady business he's run all these years.

h) Plaintiff opposes to line 63. Clearly repetitive inaccurate statement by Defendant with this disregard for this Court, Zouvelos altered Exhibit 'G' inorder to depict Plaintiff as "Uncompliant" to the bailbond convenant. Pace, Mr.Lopez was at "All Times" compliant and in communication with Zouvelos office. Upon the mere notion, this Court should consider the possibility a professional Accountant married to a reputable Nassau County Assistant District Attorney (Brought to light) with a Three year old daughter at the time, living with his parents in Brooklyn attempting to re-establish his marriage and life, simultaneously preparing for his case, likelihood Mr.Lopez would consider disobeying a contract that involved his freedom and collateral he's responsible for backed by his family. In any event, Mr.Lopez would walk a straight line. Hence in this case, the chance of Plaintiff disregarding his obligations are "Zero, Nada," therefore, Zouvelos false allegations are uncreditable and obviously not true.

I) Plaintiff opposes lines 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73. No response necessary since Plaintiff addressed meritless statements herein.

4. Zouvelos cites New York General Business Sec.74-a in line number 74, which this statutory reporting requirement is also referenced in the New York City Police Department Operating Guide 208-71, that states in pertinent parts vital to Plaintiff arguement of a "Special Relationship" or "Symbiotice Relationship" between the bondsmen and the State (Refer to Plaintiff Memorandum of Law), as follows: **"Prior to taking or attempting to take into custody a person, a bail enforcement agent SHALL notify a local law enforcement agency having jurisdiction over the area in which the person is believed to be located of such bail enforcement agent's intentions ...."** Upon the foregoing, as in Jackson v. Pantazes (Memorandum of Law), Zouvelos could be actionable under Sec.1983.

5. Plaintiff denies line 75. For the record, Viny Conwell forced himself into Mr.Lopez peaceful home creating a disturbance. This came about once the door was slightly cracked open by Plaintiff father. At that time the children were crying hysterically and Viny asked the Plaintiff to go outside where he placed the handcuffs in front of Mr.Lopez home (223 Knickerbocker).

6. Plaintiff assents and opposes in part to line 76 and 77. According to Defendant's citation of the "NYPD Patrol Guide Procedure Number 208-71," the relationship between the bondsmen and State is "Symboitic" as mentioned herein and in Memorandum of Law. (Exh 'A'). As Zouvelos confirms and clarrify's Plaintiff legal arguement in reference to "Special Relationship," he became "State Actor" (When applying Lugar Test) and the City's Police Department "Failed to Protect" as part of Custom and Policy. (See, Memorandum of Law). With that said, the NYPD Patrol Guide states: **"Direct precint RMP unit to accompany bail enforcement agent, ...in cases where wanted person is believed to be present in an occupied building."** Indeed, Defendant further agress **"Police person should respond to the scene of the apprehension to preserve the peace in the same manner that**

(7)

the department perserves the peace at the scene of civil process execution by the City Marshal." To this extent, its quit clear "State Action" occurred as illustrated herein and confirmed by the presented evidence and annexed Memorandum of Law.

7.      Plaintiff opposes lines 78, 79, 80, 81, 82, 83, 84 and 85. Defendant in his deceptive, inmaterial and redundant statements, covers up his wrong doings. Plaintiff does not entertain and has already responded to such incorrect statement above.

8.      Plaintiff assents with line 85. Defendant in his citation, <u>United States v. Meltzer</u>, points out a geniune material factor to Plaintiff's arguement which states: "**If the bondsmen feels the defendant is going to jump his bail, his bond; all that he has to do is bring him into court, and say Your Honor, I deserve to surrender this defendant.**" With that said, if we refer to my point in line 3-F above, why did Zouvelos not arrest me immediately after I supposedly missed a court and weekly sign-in. The matter of fact is, Mr.Lopez never missed any sign-in's and Zouvelos intentionally alleges he did as a result of this proceeding.

Further, in another citation from the American Bar Association, <u>ABA 10-5.6</u>, in relevant parts: "**a) A person who has been released on conditions and who has violated a condition of release, including willfully to appear in court, should be subject to a warrant for arrest, modification release conditions, revocation of release, or an order of detention, or prosecution on available criminal charges.**" Although Mr.Lopez never violated any stipulation nor any of the Court Rules, this citation is irrelevant like Zouvelos entire motion. For such reason, Defendant's motion should be rejected.

9.      Plaintiff opposes in part lines 86, 87, 88, 89, 90 and 91. For the record, Plaintiff brings to light each significant event that occured in violation of his and his family's Constitutional Rights. Thus, Plaintiff is omniscient he's unable to bring a claim on behalf of another peson, however, makes a notation for the Court's convenience. With that said, Mr.Lopez brother ("David") owns the vehicle stolen, however, the cash was provided by Mr.Lopez used for the collateral yet returned.

10. Plaintiff opposes line 92. As mentioned, contract was not thoroughly explained by Defendant or staff. More so, an interpretor was not available for the indemnitor with a language barrier. Its foreseeable Zouvelos had a "Hidden Agenda" with regards to the illegal re-arrest and justification for not returning collateral that was not rightfully his. In any event, the articles provided in the complaint refers to Defendant's "Unfair" contract and in violation of contact clauses, which rendered Kings County Supreme Court JUdge Kay to revoke Zouvelos license. As a result, Defendant appealed to the Appellate Division, First Department and was denied by Honorable John Ingram. Further, Zouvelos commenced an Article 78 proceeding in the Kings County Supreme Court, Second Department and was further denied. See, Zouvelos v. New York State Office of Court Administration, et al., 111 A.D.3d 843, 975 N.Y.S.-2d 354 (N.Y.A.D. 2 Dep't 2013). For such material reasons, false allegations should be rejected and his deceitful and malicious character considered when granted Plaintiff moving papers to advance in the interest of society and Justice.

11.     Plaintiff opposes lines 93-141. It would be redundant to respond to each statement made, however, Defendant ignorant to the law fails to accept responsibilities for his actions. He relies

(9)

upon "Operating under a private contract," Nevertheless, he refuses to recognize the NYPD "Aided and Supported" his objective to arrest Plaintiff by their "Consent and Authorization." As cited in the annexed Memorandum of Lae, physical support by the City was not required to conclude "Aid or Support," but just "Consent or Authorization" was sufficient. In fact, the bondsmen and the City hold a "Special Relationship," in which the Lugar Test is met, making Zouvelos "State Actor." (Refer to Plaintiff Memorandum).

**WHEREFORE,** upon the foregoing reasons and annexed Memorandum of Law, Plaintiff Ramon Lopez respectfully requests that the Court reject George Zouvelos motion to dismiss the complaint pursuant to Fed. R-Civ. P. 12(b)(6) in its entirety, with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated: September 19, 2014
Marcy, New York

Respectfully Submitted,

Ramon Lopez, 12-R-3146
Plaintiff, Pro Se

To: United States District Court
E.D.N.Y.

ZACHARY W. CARTER, CORP COUNSEL
Attorney for Defendant City

(10)